**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION**

**ROLAND VANDER BOND, JR.**                                      **PETITIONER**

**VS.**                                    **Civil Action No. 1:11cv241-HSO-JMR**

**RONALD KING**                                                        **RESPONDENT**

_____

## REPORT & RECOMMENDATION

This matter comes before the Court on the Respondent's Motion [9] to Dismiss Pursuant to § 2254(d), filed October 21, 2011. The Petitioner filed a Response [10] in Opposition. Having considered the Motion to Dismiss, the Response and any supporting Memorandum, along with the record and the applicable law, this Court finds that Respondent's Motion [9] is well-taken and should be granted. Accordingly, the Court recommends that the petition in the above-captioned action should be dismissed.

## STATEMENT OF THE CASE

On December 4, 2008, the petitioner, Roland Vander Bond, Jr. [Bond], was convicted of one count of possession of a controlled substance with intent to distribute and one count of possession of precursor chemicals or drugs. [8-1, p. 86.] He was sentenced as a habitual offender to serve fifteen (15) years on each count in the custody of the Mississippi Department of Corrections [MDOC] with the sentences to run concurrently. [8-1, pp. 98-99.] Bond filed an appeal with the Mississippi Supreme Court, which affirmed the conviction. *Bond v. State*, 42 So.3d 587 (Miss. Ct. App. 2010), *reh'g denied* June 29, 2010 and *cert. denied* August 26, 2010. Bond filed a Motion for Leave to Proceed in the Trial Court with Motion to Vacate Convictions, which was denied by the Mississippi Supreme Court on March 23, 2011. [8-6, pp. 2-11.] Bond's Petition for Writ of *Habeas Corpus* was filed on June 20, 2011. [1.]

## ANALYSIS

In the present petition, Bond has stated six grounds for relief, as follows:

1. Whether the trial court erred in failing to grant defendant's motion for directed verdict and/or defendant's tendered peremptory instruction for a directed verdict, the evidence being insufficient to prove intent to transfer.

2. Whether the trial court erred in failing to grant defendant's motion for a new trial where the weight of the evidence did not support the verdict of possession with intent to distribute.

3. Petitioner presents evidence the state violated his fourth amendment rights where the officer's source to establish probable cause was ultimately excluded by the trial court being the officer [sic] could not verify his source was reliable or that he used the source in the past.

4. Petitioner was denied his sixth and fourteenth amendment right to effective assistance of trial and appellate counsel by allowing bias to be empaneled in the jury box when Harrison County Deputy Sheriff failed to answer the court's questions during voir dire and thereafter escaping defense counsel's peremptory challenge where she ultimately made it into the jury box in full uniform. Appellate counsel was ineffective in not raising this issue during direct appeal.

5. Petitioner's Due Process liberty interest rights have been violated where the prosecutor presented misleading information to the trial judge to enhance the sentence, thereby resulting in petitioner having to serve an illegal mandatory term of imprisonment, thus violating his fifth amendment due process clause right.

6. Petitioner's fourteenth amendment right to a fair trial was violated when the trial court refused to instruct the jury on the state's chief witness drug use at and during trial.

[1, pp. 6-12.]

## STANDARD OF REVIEW

Petitions to the federal courts for *habeas* review by state prisoners are made pursuant to 28 U.S.C. § 2254(d). The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs the standard of review for petitions for writs of *habeas corpus* filed by prisoners in state custody and applies to all cases filed after its effective date of April 24, 1996.

*Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The revised act, 28 U.S.C. § 2254(d) provides:

> (d) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> > (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

In addition, a state prisoner asserting claims in a federal *habeas* petition must first present those claims to the state court and exhaust state remedies. 28 U.S.C. § 2254(b). The Court has thoroughly examined the record in this case and has determined that each of the issues raised in Bond's *habeas* petition were considered and rejected by the state court. [8-4, p. 46; 8-5, pp. 160, 182; 8-6, pp. 7-10, 13; *Bond*, 42 So.3d at 589.]

Under the AEDPA, where the issues were previously decided in the state court on the merits, as in the pending matter, that adjudication is entitled to deference. *Amos v. Thornton,* 646 F.3d 199, 204 (5th Cir. 2011). Subsection (d)(2) permits federal court relief only if state court adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence. *Lockhart v. Johnson*, 104 F.3d 54, 57 (5th Cir. 1997) *cert. denied* 521 U.S. 1123. Under the "contrary to" test of the AEDPA, a federal court may grant a writ of *habeas corpus*, with respect to claims adjudicated on the merits in state court, only if the state court arrived at a conclusion opposite to that reached by the Supreme Court on a question of law or if the state court decided a case differently than the Supreme Court has on a set of

3

materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 402-3 (2000). Additionally, the "unreasonable application" standard of review of a state court decision federal courts should inquire whether the state court's application of clearly established federal law was *objectively* unreasonable. *Tucker v. Johnson*, 242 F.3d 617, 620-1 (5th Cir. 2001), *cert. denied* 533 US 972. The Court considers all evidence in the light most favorable to the prosecution, while referring to the substantive elements of the criminal offense as defined by state law. *Weeks v. Scott*, 55 F.3d 1059, 1062 (5th Cir. 1995).

The Court finds that petitioner raises no issues in the present petition that were not previously brought before state court in his earlier pleadings. As petitioner has exhausted his state court remedies as to all issues, any further return to the state court on these claims would be futile. The Court further concludes that the state court's ultimate decision is not an objectively unreasonable application of clearly established federal law, and should be upheld.

After a careful review of the pleadings and record, the Court finds that petitioner's allegations are without merit. The record before the Court contains evidence which supports the conviction, on all grounds raised by the petitioner, and it is not within the province of this Court to reexamine state-court determinations on state-law questions. *Estelle v. McGuire*, 502 U.S.62, 67-8 (1991). The grounds listed by Bond in his petition were all decided on the merits in state court, and the state's application of law to the facts was clearly not unreasonable in light of the evidence. The Court finds that the prior holdings of the Mississippi Court of Appeals were correct in light of established precedent and not debatable among reasonable jurists. Therefore, the Court finds *habeas* relief should not be granted based on these claims. In the alternative, the Court will address the merits of each claim presented by Bond in the present petition for *habeas*

*corpus*.

**1.      Whether the trial court erred in failing to grant defendant's motion for directed verdict and/or defendant's tendered peremptory instruction for a directed verdict, the evidence being insufficient to prove intent to transfer.**

This claim was previously reviewed by state court on appeal. The sufficiency of the evidence may be considered in a federal *habeas* petition, but only when the evidence, viewed in the light most favorable to the prosecution is such that no rational factfinder could have found the essential elements of the crime beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 324 (1979). To obtain a guilty verdict on a charge of possession with intent to distribute, the State was required to prove beyond a reasonable doubt that the substance found was in fact a controlled substance, and that Bond possessed and intended to sell the drug. *See Edwards v. State*, 795 So.2d 554, 565 (Miss. Ct. App. 2001); *Jenkins v. State*, 757 So.2d 1005, 1010 (Miss. Ct. App. 1999).

The State Court found, and the Court agrees, that sufficient evidence supported the jury verdict which found Bond guilty of possession of methamphetamine with intent to distribute. The police found twenty-four (24) grams of methamphetamine, a digital scale, precursors to manufacture methamphetamine, and numerous small plastic bags in the house that Bond shared with Cynthia Young. [8-2, pp. 67-82, 96-102, 592.] Also, in Bond's Isuzu Rodeo parked at the house on Merinda Lane, Erik Deitrick, a sergeant with the Long Beach Police Department found two (2) boxes of medicine containing pseudophedrine, which is used to manufacture methamphetamine. [8- 2, pp. 83, 103-107.] Lowell Allen Davis, an agent with the Mississippi Bureau of Narcotics testified concerning the procedure for making methamphetamine including precursor chemicals, the use of digital scales, plastic bags, and the use of an acid gas generator

5

which is critical to manufacturing methamphetamine and was found at the house. [8-2, pp. 118-138.]

Cynthia Young testified that she owned the home where the materials were found, and lived there with Bond, whom she implicated for manufacturing and distributing methamphetamine. [8-2, pp. 141-59.] Jamie Johnson, a forensic scientist at the Mississippi Crime Laboratory, testified as an expert witness that the substance found in the search was methamphetamine. [8- 3, pp. 6-9, 11-20.] Mike Burkett, an officer with the Long Beach Police Department, testified that he executed the search warrant on Bond, and that at the time of his booking Bond gave the Merinda Lane address as his physical address. [8- 3, pp. 21-4.]

Bond tried to refute that he lived at Merinda Lane by presenting testimony that he lived somewhere else. [8-3, pp. 30-84.] Young's father, William Donaldson, testified that Bond removed personal items from Young's Merinda Lane home after Bond was released from custody following his arrest on these charges. [8-3, pp. 84-89.]

Based on this testimony, the Court concludes that the state court's finding regarding the sufficiency of evidence supporting the possession with intent to distribute charge was not contrary to clearly established federal law or involve an unreasonable application of clearly established federal law. The Court recommends that there are no grounds for *habeas* relief present based on Bond's contention regarding the sufficiency of evidence.

2. **Whether the trial court erred in failing to grant defendant's motion for a new trial where the weight of the evidence did not support the verdict of possession with intent to distribute.**

The "weight" of the evidence is not a constitutional claim and is not grounds for relief under 28 U.S.C. § 2254. *Young v. Kemp*, 760 F.2d 1097, 1105 (11th Cir. 1985), *cert. denied* 476

U.S. 1123 (1986). The Court recommends that Bond's claim for *habeas* relief based on his assertions that the verdict was against the "weight" of the evidence should be denied. The Court has discussed Bond's claim regarding the sufficiency of the evidence to support the conviction in his case in the previous section and found that claim lacks merit.

3. **Petitioner presents evidence the state violated his fourth amendment where the officer's source to establish probable cause was ultimately excluded by the trial court being the officer could not verify his source was reliable or that he used the source in the past.**

The record in Bond's state court proceedings establishes that Bond "received a full and fair opportunity to litigate" his illegal search and seizure claim in state court proceedings and is barred from raising it on federal *habeas* review. *Stone v. Powell*, 428 U.S. 465, 494-5 (U.S. 1976). When the state has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal *habeas corpus* relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial. *Register v. Thaler*, 681 F.3d 623, 628 (5th Cir. 2012). Bond filed a motion *in limine* [8-1, p. 51] based on an illegal search, which was granted; and a motion to vacate based on the search warrant, which was denied. [8-6, pp. 2, 13, 34-9.] Bond's assertions regarding the search were addressed in state court, and cannot be grounds for *habeas* relief; therefore, the Court recommends that Bond's *habeas* petition based on this claim be denied.

4. **Petitioner was denied sixth and fourteenth amendment right to effective assistance of trial and appellate counsel by allowing bias to be empaneled in the jury box when Harrison County Deputy Sheriff [Karla J. Bryant] failed to answer the court's questions during voir dire and thereafter escaping defense counsel's peremptory challenge where she ultimately made it into the jury box in full uniform. Appellate counsel was ineffective in not raising this issue during direct appeal.**

Bond contends that his trial counsel, Jim Davis, was ineffective because Deputy Bryant was permitted to serve as a juror. In essence, Bond argues that Davis' failure to identify or

challenge certain biased veniremen amounted to ineffective assistance of counsel. This issue was addressed in Bond's motion to vacate and was denied. [8-6, pp. 2, 25-28.]

An attorney's actions during *voir dire* are considered to be a matter of trial strategy. A decision regarding trial tactics cannot be the basis for a claim of ineffective assistance of counsel unless counsel's tactics are shown to be "so ill chosen that it permeates the entire trial with obvious unfairness". *Garland v. Maggio,* 717 F.2d 199, 206 (5th Cir. 1983).

Both the trial court and defense counsel inquired extensively of the venire to determine whether any issue would impact on an individual's ability to render a fair and impartial verdict. In fact, any potential juror expressing the slightest reservation about his or her ability to disregard an issue was excused for cause. Having reviewed the complete transcript of the jury selection proceedings, this Court concludes that Petitioner's trial counsel performed reasonably. However, even if Davis could be said to have been ineffective, which the Court does not find, Bond has failed to demonstrate any prejudice. Thus, the Court recommends that the *habeas* motion based on these claims be denied.

5. **Petitioner's Due Process liberty interest rights have been violated where the prosecutor presented misleading information to the trial judge to enhance the sentence, thereby resulting in petitioner having to serve an illegal mandatory term of imprisonment, thus violating his fifth amendment due process clause right.**

Once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels v. United States,* 532 U.S. 374, 382 (2001). If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 403-4 (2001). There is no evidence on the record regarding Bond's attempt to challenge the prior convictions therefore, in the absence of evidence to the contrary, it must be presumed that the convictions are valid. The Court recommends that the petition for *habeas* relief based on Bond's claim regarding the sentence enhancement should be denied.

6. **Petitioner's fourteenth amendment right to a fair trial was violated when the trial court refused to instruct the jury on the states chief witness drug use at and during trial.**

Generally, challenges to jury instructions may not form a basis for federal *habeas corpus* relief. *Gilmore v. Taylor,* 508 U.S. 333, 343-44 (1993). Only if an instruction, or the failure to grant an instruction, was so unfair as to rise to the level of a constitutional violation would relief be appropriate. *Id.* A jury instruction should not be given when the charge is not supported by the evidence, and due process does not require otherwise. *Hopper v. Evans,* 456 U.S. 605, 611 (1982).

Under Mississippi law, "[t]he uncorroborated testimony of an accomplice may be sufficient to convict an accused . . ." *Ballenger v. State,* 667 So.2d 1242, 1253 (Miss.1995) (citation omitted). Only slight corroboration of an accomplice's testimony is required to sustain a conviction. *Mangum v. State,* 762 So.2d 337, 342 (Miss. 2000). The testimony that must be corroborated is the part connecting the defendant to the crime. *Holmes v. State,* 481 So.2d 319, 322 (Miss. 1985). As discussed above, the state court found sufficient evidence to support Bond's conviction, based on all the evidence presented, not just Young's testimony. The Court finds no basis for *habeas* relief based on Bond's contentions concerning the denied jury instruction.

In addition, the Court finds no basis for relief on any allegations concerning Davis' performance as counsel in Bond's case. To establish *habeas corpus* relief on a claim of ineffective assistance of counsel a petitioner must meet the two prong test set out in *Strickland v. Washington*, 466 U.S. 668 (1984). Before relief can be granted for ineffective assistance of counsel, the petitioner must establish: (1) that counsel's performance was deficient in that it fell below an objective standard of reasonable professional service; and (2) that this deficient performance prejudiced the defense such that there is a reasonable probability that the outcome of the trial has been undermined and the result would have been different. *Strickland*, 466 U.S. at 694; *Lackey v. Johnson*, 116 F.3d 149 (5th Cir. 1997) citing *Lockhart v. Fretwell*, 506 U.S. 364, 372 (1993). Failure to establish both prongs warrants rejection of the claim. *Jernigan v. Collins*, 980 F.2d 292, 296 (5th Cir. 1992) *cert. denied*, 508 U.S. 978 (1993).

Under the deficiency prong of the test, the petitioner must show that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance is "highly deferential" and the court must make every effort `to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct of the counsel's perspective at the time.' *Motley v. Collins*, 18 F.3d 1223, 1226 (5th Cir. 1994). Counsel's services are not evaluated in a vacuum, and all circumstances are considered in determining whether the performance was reasonable under prevailing professional standards. *Lavernia v. Lynaugh*, 845 F.2d 493, 498 (5th Cir. 1988). Finally, there is a strong presumption that counsel has exercised reasonable professional judgment. *Strickland*, 466 U.S. at 689; *Martin v. McCotter*, 796 F.2d 813, 187 (5th Cir.1986). To prove prejudice, petitioner must demonstrate

10

that the result of the proceedings would have been different or that counsel's performance rendered the result of the proceeding fundamentally unfair or unreliable. *Vuong v. Scott*, 62 F.3d 673, 685 (5th Cir.), *cert. denied* 516 U.S. 1005 (1995); *Lockhart v. Fretwell*, 506 U.S.364, 369 (1993); *Sharp v. Johnson,* 107 F.3d 282, 286 n.9 (5th Cir. 1997). To meet the prejudice prong, petitioner must affirmatively prove and not merely allege prejudice. *Bonvillain v. Blackburn*, 780 F.2d 1248, 1253 (5th Cir.) *cert denied*, 476 U.S. 1143 (1986).

The Court finds that any assertion by petitioner that his trial counsel's performance was inadequate is without merit. Essentially, petitioner's same allegations concerning trial errors were examined by the Mississippi Court of Appeals, which previously concluded that Bond's arguments were without merit. *Bond*, 42 So.3d at 593. Bond has not established the requisite factors under *Strickland* to prove ineffective assistance of counsel. The Court finds no merit to any of Bond's claims and recommends that the Motion to Dismiss [9] be granted and that Bond's *habeas* petition be dismissed with prejudice.

## CONCLUSION

In summary, the petitioner has not shown the adjudication of his claims in state court resulted in a decision contrary to Federal law nor that it resulted in a decision based on an unreasonable determination of the facts. Therefore, the Court finds that Bond's application for a writ of *habeas corpus* is not in compliance with 28 U.S.C. § 2254(d). The Court recommends that the motion to dismiss should be granted. Even consideration of the merits of Bond's claims results in the Court recommending that Bond's Petition for Writ of *Habeas Corpus* [1] be dismissed with prejudice.

In accordance with the Rules of this Court, any party, within fourteen days after being

served a copy of this recommendation, or by no later than November 27, 2012, may serve and file written objections to the recommendations, with a copy to the District Judge, the U.S. Magistrate Judge, and the opposing party. The District Judge at that time may accept, reject or modify in whole or in part, the recommendation of the Magistrate Judge, or may receive further evidence or recommit the matter to this Court with instructions. Failure to timely file written objections to proposed findings, conclusions, and recommendations contained in this report will bar an aggrieved party, except on the grounds of plain error, from attacking on appeal unobjected to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Services Auto Ass'n*, 79 F.3d 1425, 1428-9 (5th Cir. 1996) (*en banc*), *superceded by statute on other grounds,* 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days). A copy of this R&R has been forwarded to petitioner at his last known address.

THIS the 13th day of November, 2012.

*s/ John M. Roper, Sr.*
CHIEF UNITED STATES MAGISTRATE JUDGE